People v Leader (2018 NY Slip Op 06265)





People v Leader


2018 NY Slip Op 06265


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-00043

[*1]The People of the State of New York, respondent,
v
David Leader, appellant. (S.C.I. No. 2513/15)


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Merri Turk Lasky of counsel; Lorrie A. Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Stephanie Zaros, J., at plea; Dorothy Chin-Brandt, J., at sentence), imposed December 7, 2015, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. The record shows that the Supreme Court did not ensure that the defendant, who was 17 years old at the time he entered into the plea agreement and who had only one prior experience with the criminal justice system, understood that he was being asked to waive his right to appeal as a condition of the plea agreement and that he had a choice as to whether or not to waive that right (see People v Pelaez, 100 AD3d 803, 803). Moreover, the court failed to establish on the record that the defendant read and understood the written waiver that he had signed prior to the court's on-the-record discussion about the right to appeal (see People v Johnson, 157 AD3d 964, 965). Consequently, the purported waiver of the defendant's right to appeal is not enforceable (see People v Sanders, 162 AD3d 690).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., LEVENTHAL, AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court